# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:09-CV-423-RLV-DCK

| | |
|---|---|
| KIYA NEBET BEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| BROCK & SCOTT, PLLC, FIRST MANGUS | ) |
| FINANCIAL CORPORATION, MORTGAGE | ) |
| ELECTRONIC REGISTRATION SYSTEMS, | ) |
| INC., BANK OF AMERICA, COUNTRY- | ) |
| WIDE HOME LOANS, INC., AND STEWART | ) |
| TITLE GUARANTY COMPANY, | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on the *pro se* Plaintiff's "Motion To Strike Dismisal Under FRCP 12 (b) And (6) And Motion To Amendmend Orignal Complaint And Name Of Defendant Writ Of Certiorari Sequester Motion To Move For Summary Judgment SetOff/Discharge In Favor Of The Trustee With Prejudice" (Document No. 25) filed January 25, 2010. Defendants Mortgage Electronic Registration Systems, Inc., Bank of America, Countrywide Home Loans, Inc., and Stewart Title Guaranty Company (collectively "Defendants") filed responses in opposition to the motion. (Document Nos. 26 and 27). No reply has been filed and the time to do so has expired.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and is ripe for disposition. Having carefully considered the record, the undersigned will deny the motion.

## I. BACKGROUND

The *pro se* Plaintiff filed the instant lawsuit on September 30, 2009. (Document No. 2). Plaintiff also filed a "Motion For Temporary Restraining Order" (Document No. 3) requesting a stay of foreclosure.

Defendants filed motions to dismiss pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1) and 12(b)(6) on December 17 and 28, 2009. (Document Nos. 12 and 16). Plaintiff has failed to file a timely response to these motions to dismiss.

## II. DISCUSSION

It is unclear precisely what relief *pro se* Plaintiff's motion seeks. In the body of the motion, Plaintiff states a "request for validation of debt regarding the above styled case...." The title of the motion itself, "Motion To Strike Dismisal Under FRCP 12 (b) And (6) And Motion To Amendmend Orignal Complaint And Name Of Defendant Writ Of Certiorari Sequester Motion To Move For Summary Judgment SetOff/Discharge In Favor Of The Trustee With Prejudice," suggests several other types of potential relief, none of which appear to be supported by the motion and/or its attachments.

The Local Rules require that "briefs be filed contemporaneously with the motion" (Local Rule 7.1(C)). No brief has been supplied here.

To the extent Plaintiff's motion seeks to amend the complaint, that request will be denied. At this stage of the litigation, a party may amend its own pleading only by leave of court or with written consent of the opposing parties. Fed.R.Civ.P.15(a)(2).

To the extent *pro se* Plaintiff's motion was intended as a response to the pending motions to dismiss, or seeks other relief, the motion will be denied without prejudice.

In accordance with the dictates of Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the undersigned is required to notify a *pro se* Plaintiff of the right to file a response in opposition to the pending motions. Any response filed by Plaintiff should be accompanied by a brief containing a concise statement of reasons for opposition and a citation to the authorities relied upon. The response may also be accompanied by exhibits, affidavits in opposition to the motion, or other responsive material. Plaintiff is reminded that affidavits must be made on personal knowledge, contain facts admissible in evidence, and be made by one shown to be competent to testify. A false statement under oath or under penalty of perjury may be a crime punishable as provided by law.

Any response – including an accompanying brief and any exhibits, affidavits or other responsive material – must be filed no later than **March 19, 2010.** Any pleadings presented to this Court for filing must be accompanied by a certificate stating that Plaintiff has served copies on counsel for the Defendants. Failure to respond to the pending motions, or failure to persuade the Court that the pending motions to dismiss should not be granted, will likely lead to the dismissal of some or all of Plaintiff's claims.

The Plaintiff is hereby respectfully reminded to follow the Federal Rules of Civil Procedure and the Rules of Practice and Procedure of the United States District Court for the Western District of North Carolina.

**IT IS, THEREFORE, ORDERED** that *pro se* Plaintiff's "Motion To Strike Dismisal Under FRCP 12 (b) And (6) And Motion To Amendmend Orignal Complaint And Name Of Defendant Writ Of Certiorari Sequester Motion To Move For Summary Judgment SetOff/Discharge In Favor Of The Trustee With Prejudice" (Document No. 25) is **DENIED**.

**IT IS FURTHER ORDERED** that *pro se* Plaintiff may file a response to Defendants'

pending motions to dismiss (Document Nos. 12 and 16) on or before **March 19, 2010**.

**IT IS SO ORDERED**.

Signed: March 5, 2010

David C. Keesler
United States Magistrate Judge