IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL DOCKET NO.: 3:09CV423-V

| | |
|---|---|
| KIYA NEBERT BEY, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| BROCK & SCOTT, PLLC, ) | |
| FIRST MAGNUS FINANCIAL CORP., ) | |
| MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEMS, INC., ) | |
| BANK OF AMERICA, ) | |
| COUNTRYWIDE HOME LOANS, ) | |
| INC., and ) | |
| STEWART TITLE GUARANTY ) | |
| COMPANY, ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendants Mortgage Electronic Registration Systems, Inc.'s, Bank of America's, and Countrywide Home Loans, Inc.'s Motion to Dismiss (Document #12); and Defendant Stewart Title Guaranty Company's Motion to Dismiss (Document #16). Plaintiff Kiya Nebert Bey ("Bey") filed a document which appears to be responsive to certain defense motions in addition to seeking other relief. (Document #30) Plaintiff also moved for injunctive relief at the outset of the litigation. (Document #3)

**I.**

This matter arises out of a state court foreclosure proceeding initiated against a third-party, Ms. Bernadette Ervin, with reference to real property located at 17313 Knoxwood Drive in

Huntersville, North Carolina. (Pl.'s Exhs.)

Plaintiff Bey, acting *pro se*, commenced the instant lawsuit on September 30, 2009. (Document #2) The Complaint was titled, "Motion for Writ of Certiorari, Sequester, Motion to Move for Summary Setoff / Discharge in Favor of the Grantor, Settlor, Writ in the Nature of Discovery, and Request for Debt Validation Assessment," hereinafter, for convenience, "The Complaint." The phrase, "Notice of Removal From State to Federal" was at the top of the filing as well as a reference to State Case ID #0920005583. (Id.) However, it appears that there was no basis for any removal of the special foreclosure proceedings in state court to this federal district court. According to the Defendants, the time for removal had already expired. In addition, Bey is not a party to the state court action.

The Complaint alleges violations of the "National Currancy[sic] Act," "HJR 192 73rd Cong. 1st Sess. June 5, 1933," "Uniform Commercial Codes 3-601 thru 604," "CFR TITLE 18 Sec. 655-656," "Fraud, Embezzlement, Misapplication, or Unconscionable Contracts." Plaintiff also suggests a violation of the Truth In Lending Act ("TILA"), 15 U.S.C. §1601, *et. seq*.

The relationship between Plaintiff Bey and Ervin is not clear from the record. Bey asserts in the Complaint that she is the "living, flesh and blood secured party" and "trustee" for Ervin. (Compl. at 1) According to the Defendants, Plaintiff Bey is not and has never been a party to the Note, Deed of Trust, or foreclosure proceedings that are the subject matter of the Complaint. Defendants' representation is supported by the record.

Defendant First Magnus Financial Corporation ("First Magnus") is the lender.

Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is the owner and holder

of the Note secured by the Deed of Trust ("Beneficiary").

Defendant Brock & Scott, PLLC, was appointed as a substitute trustee on July 7, 2009.[1]

Named Defendants Bank of America and Countrywide Home Loans apparently have no relationship or connection to Ervin's loan.

Similarly, Stewart Title is no longer acting in the role of Trustee to the Deed of Trust, having been replaced by Brock & Scott, PLLC.[2]  (Document #16 / Exh. A)

## II.

The existence of subject matter jurisdiction is a threshold question.  The Fourth Circuit recently explained:

> We begin-and end-our inquiry with the question of whether the Plaintiffs possess standing to pursue this action. *See* Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998). Standing to sue is one aspect of the mandate that an action must present a "case or controversy" under Article III of the Constitution. *See, e.g.*, Allen v. Wright, 468 U.S. 737, 750-51 (1984). "The case-or-controversy doctrines state fundamental limits on federal judicial power in our system of government," and standing to sue "is perhaps the most important of these doctrines." Id. at 750.
>
> The Supreme Court has explained that "the irreducible constitutional minimum of standing contains three elements." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). A claimant must demonstrate (1) an "injury in fact"; (2) a "causal connection between the injury and the conduct complained of," such that the injury is "fairly traceable" to the defendant's actions; and (3) a likelihood that the injury "will be redressed by a favorable decision." Id. at 560-61 (*internal quotation*

---

[1] Defendant Brock & Scott, PLLC, has not moved for dismissal.

[2] Therefore, even if this Court possessed subject matter jurisdiction over the matter, these entities would be entitled to dismissal in any event.

*marks omitted*). The first element-injury in fact-is the one that concerns us here, and a proper assessment thereof requires us to decide whether the Plaintiffs have "adduce[d] facts demonstrating that [they have] suffered an invasion of a legally protected interest," White Tail Park, Inc. v. Stroube, 413 F.3d 451, 460 (4th Cir.2005) (*internal quotation marks omitted*), that is "concrete and particularized" and "actual or imminent," rather than "conjectural or hypothetical," Lujan, 504 U.S. at 560 (*internal quotation marks omitted*).

Benham v. City of Charlotte, 2011 WL 541758, *5 (4th Cir.2011).

In determining whether a party has standing to bring suit, the party invoking the jurisdiction of the court bears the burden of establishing standing. FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990); Miller v. Brown, 462 F.3d 312, 316 (4th Cir.2006). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." Lujan, 504 U.S. at 561 *(internal quotations omitted)*. Nevertheless, the party invoking the jurisdiction of the court must include the necessary factual allegations in the pleading, or else the case must be dismissed for lack of standing. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

Bishop v. Bartlett, 575 F.3d 419, 424 (4th Cir. 2009).

### III.

A plaintiff is required to "assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Warth v. Seldin, 422 U.S. 490, 499 (1975). In this case, because Plaintiff Bey is not a party to the underlying transaction, Bey lacks standing to raise any of these claims before the Court. To the extent Bey is a family member or close personal

friend of Ervin – whether she (Bey) ever resided in the residence foreclosed upon or not – such relationship does not provide Bey with third-party standing sufficient for Article III standing.

**IV.**

Moreover, Plaintiff's Complaint is subject to summary dismissal as an improper collateral attack on a state foreclosure proceeding. Plaintiff's Complaint effectively challenges the state court's Order to Allow Foreclosure. Plaintiff claims in part that the underlying debt has been satisfied. Indeed, Bey proffers a sampling of nonsensical documents purporting to tender payment in full or excuse payment altogether. (Exh. 3) Defendants describe Plaintiff's filings as promoting a "vapor money" theory in an effort to eliminate debt or an attempt to assert "a remedy in admiralty ...."[3] (Documents ##31, 32) It is clear from the record, however, 1) that payment was not made; and 2) Ervin never perfected her appeal of the state court order permitting foreclosure. In sum, commencement of a federal civil action is not the proper avenue for challenging the state foreclosure proceedings and judgment. Rather, Ervin has remedies available to her within the state court system. *See* Douglas v. Pennamco, Inc., 331 S.E.2d 298, 300 (N.C.App.1985) ("If the foreclosure proceeding was not authorized for any reason or if it was irregularly conducted, it was incumbent on plaintiff to raise that issue in that proceeding ....").

**IT IS, THEREFORE, ORDERED THAT:**

1) This matter is **DISMISSED** for lack of subject matter jurisdiction / standing pursuant to Federal Rule of Civil Procedure 12(b)(1);

---

[3] This genre of *pro se* filings aimed at extinguishing debt is not foreign to the federal courts. *See e.g.*, Davis v. Dillard Nat'l Bank, 2003 WL 21297331, *3 (M.D.N.C. June 4, 2003); Scudder v. Countrywide Home Loans, Case No.: 1:05CV784, *7 (M.D.N.C. Oct. 2, 2006).

2) Defendants' Motions to Dismiss (Documents ##12, 16) are hereby **GRANTED**; and

3) Plaintiffs' *Ex Parte* Motion for Temporary Restraining Order (Document #3) and Response / Miscellaneous Motion (Document #30) are hereby **DENIED as moot**.

Signed: March 29, 2011

Richard L. Voorhees
United States District Judge